536

Jesús Rosado, Plaintiff and Appellant, *v.* Amelia Valentín, Defendant and Appellee.

No. 9147. Argued December 26, 1945.—Decided January 23, 1946.

L. *Santiago Carmona* for appellant. *Pedro Amado Rivera* and *A. Rivas* for appellee.

Mr. Justice Córdova delivered the opinion of the court.

The appellee Amelia Valentín obtained judgment in an action of revendication against Nicomedes Rosado to recover a house. After the judgment had become final (*firme*), the appellant Jesús Rosado, a son of Nicomedes who was not a party to the action of revendication, sought to intervene but without success, as his application came too late. *Valentín v. Municipal Court,* 62 P.R.R. 212. Amelia Valentín then sought to execute the judgment and obtained the corresponding writ of execution, whereupon Jesús Rosado brought suit for an injunction to retain possession of the house, alleging and proving that he had been in possession of the house under claim of ownership for over one year preceding the filing of his complaint.

Rosado has appealed from the judgment denying the injunction sought by him.

The lower court based its judgment on the decisions in *Ramos v. Puig,* 61 P.R.R. 79, and *Teissonier v. Barnés,* 8 P.R.R. 196, which hold that a person in possession of property who is dispossessed by virtue of a writ issued in a mortgage foreclosure proceeding, may not resort to the remedy of

injunction to recover possession. The cases cited are inapplicable. In neither of them does it appear that the possessor showed that the writ was ineffective as to him. Hence, the cases merely hold that a person dispossessed by virtue of a judicial mandate is not entitled to an injunction to recover possession in the absence of a showing of the ineffectiveness of the mandate.

That an injunction to retain or recover possession lies where the person ousted by virtue of a writ shows that the latter is void, has been held in *Lloréns* v. *Arbona,* 61 P.R.R. 270, and *Preston* v. *Maldonado,* 42 P.R.R. 472.

The latter case is fully applicable to the one at bar, inasmuch as there a writ of execution had been issued in an action of debt to which the person in possession of the property under claim of ownership was not a party, and it was held that he was entitled to an injunction to retain possession. See also the judgment of the Supreme Court of Spain of February 18, 1901, wherein it was said:

"Although, pursuant to the provisions of Section 926 of the Law of Civil Procedure, if a person recovers an immovable by suit, he should be put forthwith in possession thereof, such provisions should be considered as applicable where the property is in possession of one who, in accordance with the executory judgment, is bound to deliver it, and not where the property is possessed by a third person who can not be affected by the complaint, and since there has been judicially awarded to Doña Inés Sáenz the parcel of land derived from the Talapí and San Figuerola estates, of which parcel she holds possession under said just title, the appellant can not be dispossessed wihout first having been heard and defeated in court, in accordance with Article 10 of the Constitution of the Monarchy and Section 446 of, the Civil Code, which establishes the right of every possessor to be respected in his possession and to have the same protected and restored to him by the means established by law."

The evidence in the case at bar, which has not been contradicted, shows that the appellant held possession of the house under a dominion title, the validity of which can not properly be considered in this proceeding, prior to the com-

mencement of the action of revendication brought by the defendant-appellee. This being so, the judgment rendered in that action, to which he was not a party, does not bind him, nor can the writ issued in execution of that judgment have any effectiveness as to him. *Preston* v. *Maldonado, supra.*

Although the appellee, in her answer to appellant's complaint, denied that he was in possession of the house and alleged that the appellant, a son of the defendant in the action of revendication, was the only person who took steps to defend that action since its commencement, those allegations are devoid of proof, since the appellee confined herself to the introduction of documentary evidence consisting of parts of the record in the case of revendication, which do not at all corroborate her allegations. Therefore, we must, as did the lower court, accept as true the evidence introduced by the appellant. On the basis of that evidence and of the cited authorities, the injunction sought lies.

The judgment appealed from should be reversed and another rendered instead in favor of the appellant.